NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAR 24 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GREGORY K. OHLINGER; DEBRA L. OHLINGER, husband and wife, | No. 20-17443 |
| Plaintiffs-Appellants, | D.C. No. 2:18-cv-04185-DJH |
| v. | MEMORANDUM* |
| UNITED STATES OF AMERICA; MARICOPOLY LLC, an Arizona limited liability company, | |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Arizona
Diane J. Humetewa, District Judge, Presiding

Submitted March 16, 2022**

Before:    SILVERMAN, MILLER, and BUMATAY, Circuit Judges.

Gregory K. Ohlinger and Debra L. Ohlinger appeal from the district court's

summary judgment in their quiet title action alleging unlawful seizure of property.

We have jurisdiction under 28 U.S.C. § 1291.  We review de novo the district

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

court's decision on cross-motions for summary judgment. *Guatay Christian Fellowship v. County of San Diego*, 670 F.3d 957, 970 (9th Cir. 2011). We affirm.

The district court properly granted summary judgment for defendants on Gregory Ohlinger's claims challenging the IRS's failure to provide notice of seizure of the property to Debra Ohlinger, because Gregory Ohlinger lacked standing to allege claims based on that failure. *See Spokeo, Inc. v. Robins*, 578 U.S. 330, 339 (2016) (to satisfy the injury-in-fact requirement, a plaintiff must show that he "suffered an invasion of a legally protected interest that is concrete and particularized and actual or imminent" (citation and internal quotation marks omitted)).

In his opening brief, appellants fail to challenge the district court's dismissal of Debra Ohlinger's claims as barred by res judicata, as well as the finding that the seizure of the property at issue was timely, and they have therefore waived any such challenges. *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999) ("[O]n appeal, arguments not raised by a party in its opening brief are deemed waived."); *Greenwood v. FAA*, 28 F.3d 971, 977 (9th Cir. 1994) ("We will not manufacture arguments for an appellant . . . .").

**AFFIRMED.**

20-17443